IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
COREY MARROW,

            Plaintiff

-against-

THE CITY OF MOUNT VERNON, a municipal entity,
THE CITY OF MT. VERNON POLICE DEPARTMENT,
MVPD OFFICER 1, MVPD OFFICER 2, AND
MVPD POLICE OFFICERS "JOHN
DOES 1-6",
            Defendants.

-----------------------------------------------------------X

JUDGE SEIBEL

14 CV 5473

COMPLAINT

ECF CASE

INDEX NO.

JURY TRIAL DEMANDED

Plaintiff COREY MARROW, by his attorney, DAVID A. THOMPSON, complaining of the defendants, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff COREY MARROW brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and by the Constitutions of the State of New York and of the United States. The Plaintiff was unlawfully arrested and charged with driving while intoxicated or under the influence, despite a total lack of probable cause for the arrest. If fact, prior to the arrest, the Plaintiff passed two field sobriety tests administered by two different police officers.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction

1

is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff COREY MARROW further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all state law claims and causes of action.

## IV. VENUE

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1391(b)(1) because the Defendant City of Mount Vernon resides in this district.

## V. JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## VI. THE PARTIES

6. Plaintiff COREY MARROW is an African-American male. He currently resides in the County of Westchester, and the State of New York.

7. Defendant THE CITY OF MOUNT VERNON was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. Defendant THE CITY OF MOUNT VERNON maintains the Mount Vernon Police Department ("MVPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of Mount Vernon.

8. At all times relevant to this action, Defendant MVPD Officer 1 (as defined below) was an officer of the MVPD and was acting under the supervision of said department and within the scope of his/her official duties.

9. At all times relevant to this action, Defendant MVPD Officer 2 (as defined below) was an officer of the MVPD and was acting under the supervision of said department and within the scope of his/her official duties.

10. Plaintiff COREY MARROW will amend this complaint to name the Defendant POLICE OFFICERS "John Does 1-6" (together with MVPD Officer 1 and MVPD Officer 2, the "Individual Defendants"), as further information regarding their identified become available to Plaintiff.

11. At all times relevant to this action, the Individual Defendants, either personally or through their employees, were acting under color of state law.

12. All claims against all Individual Defendants are asserted against said defendants in both their individual and official capacities.

## VII. FACTS COMMON TO ALL CLAIMS

13. On April 21, 2012, at approximately 6:45pm, Plaintiff COREY MARROW was driving his car at or near the intersection of South Fulton Avenue and East 3rd Street in Mount Vernon, New York.

14. Plaintiff was abiding by all applicable traffic regulations at the time.

15. Nevertheless, members of the Mount Vernon Police Department unlawfully stopped the Plaintiff's vehicle.

16. At the request of one member of the Mount Vernon Police Department (hereafter, "MVPD Officer 1"), Plaintiff produced his driver's license and registration.

17. MVPD Officer 1 directed the Plaintiff to participate in a field sobriety test.

18. The Plaintiff passed the portion of the field sobriety test conducted by MVPD Officer 1, consisting of the officer asking the Plaintiff to follow the movement of the officer's finger with Plaintiff's eyes without moving the head.

19. The Plaintiff passed the portion of the field sobriety test conducted by MVPD Officer 1, consisting of the officer asking the Plaintiff to walk ten steps in a straight line.

20. The Plaintiff passed the portion of the field sobriety test conducted by MVPD Officer 1, consisting of the officer asking the Plaintiff to stand on one leg and count to ten and repeating the task on the other leg.

21. Up to and during the time the field sobriety test was being conducted, more members of the Mount Vernon Police Department, including Defendant POLICE OFFICERS "John Does 1-6", arrived at the stop.

22. Following the initial field sobriety test, a second was conducted in a nearly identical manner by a different Mount Vernon Police Officer (hereinafter, "MVPD Officer 2".

23. The Plaintiff again passed the portion of the field sobriety test consisting of MVPD Officer 2 asking the Plaintiff to follow the movement of the officer's finger with Plaintiff's eyes without moving the head.

24. The Plaintiff again passed the portion of the field sobriety test consisting of MVPD Officer 2 asking the Plaintiff to walk ten steps in a straight line.

25. The Plaintiff again passed the portion of the field sobriety test consisting of MVPD Officer 2 asking the Plaintiff to stand on one leg and count to ten and repeating the task on the other leg.

26. Nevertheless, the members of the Mount Vernon Police Department, including MVPD Officer 1, MVPD Officer 2, and Defendant POLICE OFFICERS "John Does 1-6", then arrested the Plaintiff without probable cause for driving under the influence.

27. The members of the Mount Vernon Police Department took the Plaintiff to the Mount Vernon Police Station.

28. At the Mount Vernon Police Station, plaintiff was subjected to a strip search.

29. After holding the Plaintiff for between about one hour and one and one-half hours, the Plaintiff was presented with the option of submitting to having blood drawn to be tested for alcohol and narcotics content or refusing to submit, in which case he was informed that his license would be suspended for six months and he would be charged with Driving While Intoxicated.

30. The Plaintiff submitted to having his blood drawn to have it tested for traces of alcohol and narcotics.

31. The test of the Plaintiff's blood later came back negative for traces of alcohol or narcotics.

32. Nevertheless, the Plaintiff was illegally held until approximately 3:00 - 4:00 PM on the following day, before being released on bail.

33. Following the Plaintiff's release from police custody, he was forced to pay approximately $225 to have his car returned to him after it was illegally impounded.

34. The charges against Plaintiff were later dismissed.

35. Plaintiff suffered personal and emotional injuries. Because of the actions and omissions of the Defendants, the Plaintiff has suffered and will continue to suffer mental and emotional pain and suffering; deprivation of constitutionally-protected rights; and limitation of the plaintiff's participation in and enjoyment of the activities of living.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT THE CITY OF MOUNT VERNON, AND THE INDIVIDUAL OFFICERS OF THE CITY OF MOUNT VERNON POLICE DEPARTMENT

36. The Plaintiff restates all allegations of this Complaint herein.

37. Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT and their agents, servants and employees, including but not limited to the Individual Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. All of the aforementioned acts of the Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT and their agents, servants and employees, including but not limited to the Individual Defendants were carried out under the color of state law.

39. The acts complained of were carried out by the Individual Defendants in their capacities as officers of the MVPD, with all of the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the Individual Defendants in their capacities as officers of the MVPD pursuant to the customs, usages, practices, procedures, and the rules of Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

41. The Individual Defendants, and Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to his life.

43. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**SECOND CLAIM FOR RELIEF**

**EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983**

44. The Plaintiff restates all allegations of this Complaint herein.

45. The Individual Defendants removed Plaintiff from his car without probable cause, or a warrant, for his arrest.

7

46. The Individual Defendants handcuffed Plaintiff without probable cause, or a warrant, for his arrest.

47. At no point throughout the incident did the circumstances presented to the Individual Defendants support any of the above applications of force on Plaintiff.

48 Plaintiff was subjected to excessive force and was assaulted by the Individual Defendants, in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §1983.

49. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to his life.

50. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF

## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

51. The Plaintiff restates all allegations of this Complaint herein.

52. Each of the Individual Defendants had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights.

53. Each of the Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having had realistic opportunities to do so.

54. Each of the Individual Defendants chose not to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which the Plaintiff's rights were violated by their affirmative conduct.

55. As a result of the aforementioned conduct of the Defendants, Plaintiff's constitutional rights were violated.

56. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to his life.

57. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CAUSE OF ACTION
## EQUAL PROTECTION UNDER 42 U.S.C § 1983

58. Plaintiff restates all allegations of this Complaint herein.

59. That at all times, Plaintiff was possessed of the right to equal protection under the laws, as guaranteed under the 14th Amendment to the United States Constitution.

60. The CITY OF MOUNT VERNON, the CITY OF MOUNT VERNON POLICE DEPARTMENT, and Individual Defendants subjected Plaintiff to assault, battery, use of excessive force, unlawful arrest, and other violations of Plaintiff's Constitutional rights in the manner described herein because they knew that they could do so with impunity.

61. The Defendants' particular acts of subjecting Plaintiff to assault, battery, use of excessive force, unlawful arrests, and other violations of Plaintiff's constitutional rights in the manner described herein, were the result of a perceived ease of charging and prosecuting minority, working-class individuals with crimes and/or violations in order to cover up for constitutionally-violative conduct.

62. The Defendants undertook the particular actions described herein against Plaintiff because Plaintiff is African-American, and therefore the Individual Defendants knew that they could undertake these actions with impunity.

63. As a result of the aforementioned conduct, the Defendants violated Plaintiff's constitutional rights to equal protection under the law.

64. As a result, Plaintiff was harmed.

65. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

## STATE LAW CLAIMS

## FOURTH CLAIM FOR RELIEF

## NEGLIGENCE

66. The Plaintiff restates all allegations of this Complaint herein.

67. The Defendants, as a result of having Plaintiff in their custody, owed a duty to Plaintiff to prevent him from being subjected to assault and battery, and violating Plaintiff's constitutional rights in the manner described herein.

68. The Defendants breached this duty, and were negligent in both causing and allowing Plaintiff to be falsely arrested, assaulted and battered, subjected to excessive force and having his constitutional rights violated in the manner described herein.

69. The Defendants' breach of their duty owed to Plaintiff was the direct and proximate cause of Plaintiff's injuries.

70. Plaintiff received both actual and substantial physical and mental injuries as a result of the Defendants' breach of their duty owed to him.

71. As a result, Plaintiff was harmed.

72. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENT HIRING AND RETENTION AGAINST
### DEFENDANT THE CITY OF MOUNT VERNON

73. The Plaintiff restates all allegations of this Complaint herein.

74. Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT failed to use reasonable care in the hiring and retention of the Individual Defendants.

75. Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT knew, or should have known in the exercise of reasonable care, the propensities of the Individual Defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

76. As a result, the Plaintiff was harmed.

77. The Plaintiff is entitled to compensatory damages from Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT in an amount to be determined at trial, together with attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF

### NEGLIGENT TRAINING AND SUPERVISION AGAINST
### DEFENDANT THE CITY OF MOUNT VERNON

78. The Plaintiff restates all allegations of this Complaint herein.

79. Defendants THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT failed to use reasonable care in the hiring and retention of the Individual Defendants.

80. Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT failed to use reasonable care in the training and supervision of the Defendants, permitting and enabling them to engage in the wrongful conduct heretofore alleged in this Complaint.

81. As a result, Plaintiff was harmed.

82. The Plaintiff is entitled to compensatory damages from Defendant THE CITY OF MOUNT VERNON and the CITY OF MOUNT VERNON POLICE DEPARTMENT in an amount to be determined at trial, together with attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
## FALSE IMPRISONMENT
## AGAINST ALL DEFENDANTS

83. Plaintiff restates all allegations of this Complaint herein.

84. Plaintiff was held in custody against his will and without justification.

85. As a result, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of wages, loss of freedom, and damage to his reputation and standings within his community.

86. Plaintiff demands judgment against Defendants in a sum of money to be determined at trial, together with attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY
## AGAINST ALL DEFENDANTS

87. The Plaintiff restates all allegations of this Complaint herein.

88. Defendants intentionally threatened imminent, offensive, and harmful contact with Plaintiff.

89. Defendants intentionally made bodily contact with Plaintiff in a manner that was offensive in nature.

90. Defendants made such bodily contact with Plaintiff without Plaintiff's consent.

91. Defendants made such bodily contact with Plaintiff without privilege to do so.

92. As a result, Plaintiff was harmed.

93. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

   [a] Invoke pendent party and pendent claim jurisdiction.

   [b] Award appropriate compensatory and punitive damages.

   [c] Empanel a jury.

   [d] Award attorney's fees and costs.

   [e] Award such other and further relief as the Court deems to be proper and in the interests of justice.


DATED:    New York, New York
          July 21, 2014

                                        Respectfully submitted,

                                        /s/ David A. Thompson
                                        DAVID A. THOMPSON, ESQ. [DT 3991]
                                        Stecklow Cohen & Thompson
                                        *Attorneys for Plaintiff*
                                        217 Centre Street, 6th Floor
                                        New York, New York, 10013
                                        Phone:    (212) 566-8000
                                        Fax:      (212) 202-4952
                                        dthompson@wylielaw.com