| | | |
|---|---|---|
| RICHARD THOMAS<br>MAYOR<br><br>LAUREN P. RAYSOR<br>CORPORATION COUNSEL | | ASSISTANT COUNSEL<br>TICHINA JOHNSON<br><br>LEGAL INVESTIGATOR<br>MICHAEL V. LENTI |

CITY OF MOUNT VERNON, NEW YORK<br>
DEPARTMENT OF LAW<br>
CITY HALL<br>
ONE ROOSEVELT SQUARE, MOUNT VERNON, NY 10550<br>
(914) 665-2366 • FAX (914) 665-9142<br>
WWW.CI.MOUNT-VERNON.NY.US

**Defendants may have until 1/26/16 to answer the Complaint (as limited by Plaintiff's counsel's letter of 1/14/16). We will set a discovery schedule at the already schedule 1/27/16 conference.**

January 13, 2016

VIA CM/ECF
Honorable Judge Cathy Seibel
United States Courthouse
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

SO ORDERED.

*/s/ Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

Re:    Marrow v. The City of Mount Vernon et al. 14 CV 05473-CS-JCM

1/14/16

Dear Judge Seibel:

We represent the Defendants in the above-referenced matter and write to respectfully request a pardon for this delayed response.

Please be advised that the last attorney handling this matter, Lee B. Gorson, Esq., is no longer employed with the City. Unfortunately, the Law Department only became aware of its failure to respond to Plaintiff's Amended Complaint and the need to advise the Court it was not moving upon Mr. Gorson's departure. After a cursory review of the file, it appears that there were discussions between Hina Sherwani, Esq., also no longer with the Law Department, and plaintiff's counsel, David Thompson, Esq., in which both parties stipulated to amendments to the Complaint on or about May 26, 2015. It appears that the City was awaiting Mr. Thompson's filing of a further amended complaint with the withdrawal of the negligent hiring/retention claim. Please see the attached emails. It is unclear whether there was any further communication between Ms. Sherwani and Mr. Thompson. The City did attempt to reach out to Mr. Thompson today and left a voicemail seeking a return call.

Due to unprecedented turn over in the Law Department, specifically the loss of seven attorneys within the last ten months and a new Corporation Counsel being appointed around the time this Answer/response was due, unfortunately, the City failed to file a timely response with the Court. However, it does appear that a Rule 26(a) disclosure was filed. Therefore, I sincerely request that the Court accept this explanation based on law office failure and allow the City to file an Answer to plaintiff's further amended complaint to the extent plaintiff intends to honor the stipulation from May 26, 2015.

Additionally, please be advised that the City will not seek to move for dismissal at this time.

Thank you for your consideration in this matter.

Respectfully submitted,

Tichina L. Johnson (TJ 2515)

cc: (via CM/ECF and regular mail)

David A. Thompson, ESQ (DT3991)
Stecklow Cohen & Thompson
217 Centre Street, 6th Floor
New York, New York, 10013

**COREY MARROW  14 CV 05473**
**ATTACHMENT - EMAIL**

**Sherwani, Hina**

___

| | |
|---|---|
| From: | Sherwani, Hina |
| Sent: | Tuesday, May 26, 2015 4:16 PM |
| To: | 'David Thompson' |
| Subject: | RE: Corey Marrow |

Accepted.  I would prefer you re-file with the amendments as outlined below- just to keep everything clean-  with just a short coverletter indicating that the City consents and you can attach this email thread certainly. I will put in an answer.  Thanks for your prompt responses.

I just don't know if another attorney is going to be handling this file and the stipulation would not provide a way for there to be a clean complaint in the docket. Unfortunately, sometimes we go to outside counsel during discovery and even after discovery so if you would amend that would make it easier all the way through --  Thanks again.


Hina Sherwani
First Assistant Corporation Counsel
City of Mount Vernon, New York
City Hall
1 Roosevelt Square
Mount Vernon, New York 10550
(914) 665-2374



-----Original Message-----
From: David Thompson [mailto:dthompson@SCTLaw.NYC]
Sent: Tuesday, May 26, 2015 3:46 PM
To: Sherwani, Hina
Subject: Re: Corey Marrow


Hi Hina:

If you like, I will remove the reference to the Fifth Amendment in claim one, or we can stipulate that it be ignored. Apart from that, there is nothing wrong with how this cause of action is pled.  As you know, the Fourteenth
Amendment is invoked any time one of the Bill of Rights is applied to a state subdivision.

You are incorrect in your statement of the law applicable to failure to intervene.  See Terebesi v. Torreso, 764 F.3d 217, 243-244 (2d Cir. Conn. 2014); Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. N.Y. 1994).  In Anderson, the Second Circuit set forth the elements of a failure to intervene claim:


> "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official. In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring.  Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise."


As per Terebesi, Anderson remains good law.  There is no 'shocks the conscience' element to the cause of action.  Indeed, your prior letter to the Court (correctly) makes no mention of such a requirement.  A motion to dismiss this claim would be a waste of time of the sort that the Judge directed us to avoid.

1

As to the negligence and failure to train/supervise claims, the defendant officers claim to have found signs of intoxication in a healthy young man who was not, as a blood test showed, intoxicated. This set of facts suggests three possibilities: 1) the officers lied about the field test results, 2) the officers -- although properly trained -- failed to perform the test properly, or 3) the officers failed to perform the test properly because they were not properly trained. Discovery concerning standards for the performance of this kind of test will be part of the case whether or not these claims are included, so even a successful motion on your part, resulting in the dismissal of these claims, would not narrow the scope of discovery appreciably. A motion to dismiss these claims would have little purpose.

I would be willing to withdraw the negligent hiring/retention claim.

David Thompson
Stecklow Cohen & Thompson
217 Centre Street, 6th Floor
New York, N.Y. 10013
Phone:   (212) 566-8000
Fax:         (212) 202-4952

---

From: Sherwani, Hina <HSherwani@ci.mount-vernon.ny.us>
Sent: Tuesday, May 26, 2015 1:23 PM
To: David Thompson
Subject: Corey Marrow

David,

Hope you had a good long weekend. I will not make the motion if you clean up the first claim for relief making it a false arrest claim -- More specifically, why do you reference the Fifth Amendment - Isn't your claim just about False Arrest -- That entire claim needs to be replead -

Similarly, I don't understand the Second Claim for Failure to Intervene or the Third Claim for Negligence - - that claim is held up when there is a 'shocks the conscience' event and officers stand around and do nothing - there is no such event or standing around here. Please consider withdrawing those claims.

With regard to the fourth claim for negligent hiring- I will have to make a motion on that unless you withdraw it. Again, there are no facts to support this claim whatsoever.

So if you agree to the foregoing, you can amend and re-serve and you or I can write to the Court - I don't mind and with the changes the City will not be making a motion before discovery.

Hina Sherwani
First Assistant Corporation Counsel
City of Mount Vernon, New York
City Hall
1 Roosevelt Square
Mount Vernon, New York 10550
(914) 665-2374

2