

RICHARD THOMAS
MAYOR

LAWRENCE A. PORCARI
CORPORATION COUNSEL

ASSISTANT COUNSELS
BRIAN G. JOHNSON
TICHINA L. JOHNSON
LA' TEEA M. GOINGS
JOHAN S. POWELL

LEGAL INVESTIGATOR
MICHAEL V. LENTINI

CITY OF MOUNT VERNON, NEW YORK
DEPARTMENT OF LAW
CITY HALL
ONE ROOSEVELT SQUARE, MOUNT VERNON, NY 10550
(914) 665-2366 • FAX (914) 665-9142
WWW.CI.MOUNT-VERNON.NY.US

October 17, 2016

Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150
VIA CM/ECF

**RE:   Corey Marrow v. City of Mount Vernon, et al. – 14-cv-5473 (CS)**
Response to Plaintiff's October 14, 2016 Letter Motion and Second Request for Extension of Discovery

Dear Judge Seibel:

I write in response to plaintiff's October 14, 2016 correspondence to the Court seeking a pre-motion conference to discuss a possible motion to compel. I also write to request an extension of discovery in accordance with Your Honor's Individual Practices.

At the outset, Mr. Thompson offers the Court a very skewed version of events that is far from the truth. Mr. Thompson sent discovery demands to me via email and email only. My office never received a hard copy of the discovery demands, and therefore, the sought deposition dates were not added to the master calendar by the staff. I acknowledge that I did receive the interrogatories and document demands, but I did not take notice of the deposition requests. Mr. Thompson fails to tell the Court that he did not seek to confirm the October 11th and 12th deposition dates until Friday, October 7th at 8:55 pm and Monday, October 10th at 3:40pm, all outside of business hours and all via email. See Exhibit A attached. As a matter of fact, that was the Columbus Day weekend in which the City was closed on the Monday. Attempting to contact me at almost 9pm on the eve of a holiday weekend was nothing more than a non-serious attempt at pursuing depositions of defendants.

More, on October 11th, I sent Mr. Thompson a notice to take plaintiff's deposition on Tuesday, October 18th, giving him a week notice. On October 12th, I became aware that his client was arrested in a local drug bust. See Exhibit B. As such, I immediately emailed Mr. Thompson and asked where his client was incarcerated and when he would get out. See Exhibit C. Because of plaintiff's unavailability and the absolute necessity to depose plaintiff first, I asked Mr. Thompson if he was amenable to my seeking an extension of discovery. I did not hear back from Mr. Thompson after my staff called him on both October 13th and October 14th multiple times. In fact, my paralegal called Mr. Thompson four times on October 14th while I was in depositions and reported that calls to his office and mobile numbers would go straight to

voicemail.  To be sure, I even left a voicemail message for Mr. Thompson on October 14th at 4:12 pm after getting out of all day depositions.

Mr. Thompson's memory maybe short, but I specifically told him that I would try to get out defendants' responses to plaintiff's discovery demands by Friday, October 14th.  I was not able to get the responses out because I still await documents from Mount Vernon City Court.  More, I told Mr. Thompson that I was trying my best to get him the requested discovery, as I had two depositions related to Nunez (14-cv-8530) on October 14th, a status conference for Christopher (16-cv-00137) and one deposition for Nunez, a deposition everyday from October 18th to October 20th for Nunez, a telephone conference for Kevin King (16-cv-1309) on October 20th, as well as a status conference for Nunez on October 21st.  Thereafter, I have two employment arbitrations the last week in October and motions for summary judgment to draft.  As a result of my dense schedule, I told Mr. Thompson that a colleague would likely have to do the depositions.  I never received any word from Mr. Thompson after October 11th as to dates in which he possibly wanted to reschedule defendants' depositions.

I also write to request an extension of the fact discovery deadline currently scheduled for October 20th.  As required and noted above, I sought an extension from Mr. Thompson, but received no response. Defendants have demanded to take plaintiff's deposition, amongst other discovery demands.  From the newspaper, it appears that plaintiff is unavailable and the Court must compel Mr. Thompson to advise when his client will be available for a deposition.  In accordance with Your Honor's Individual Practices, I am unable to request a certain amount of time for the extension of the discovery deadline, as I do not know where plaintiff is and when or if he is getting out of jail.  If plaintiff is still incarcerated, the defendants will need to send an Order to the Court for permission to depose him at whatever facility.  And, of course, depositions at jails or prisons require more coordination.

Thank you in advance for your consideration.

Respectfully submitted,

Tickina Johnson, Esq. (TJ 2515)
Assistant Corporation Counsel


cc:     David Thompson, Esq.
        Stecklow & Thompson
        *Attorneys for Plaintiffs*
        VIA ECF