# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DAVE@SCTLAW.NYC

October 17, 2015

**BY ECF**
Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

                Re: Marrow v. The City of Mount Vernon, 7:14-cv-05473 (CS)

Dear Honorable Judge Seibel:

      I write as counsel for the plaintiff in the above-captioned case.

      In making their motion for an extension of time to complete discovery, the defendants carefully avoid informing the Court that the defendants did not serve any discovery demands of any kind until October 13th (i.e., last Thursday). The reason the defendants are asking for this extension is not because forces outside their control require it, it is because the defendants did not bother to do any discovery until there were only seven days left in the already-extended discovery schedule. The defendants' request for an extension of time to obtain discovery from the plaintiff should be denied. It is clearly not "absolutely necessary" to depose the plaintiff, or the deposition would have been noticed earlier. The plaintiff testified in a 50-H hearing. The plaintiff was deposed by the City of Mount Vernon in another action, *Scott v. City of Mount Vernon*, 14-cv-4441-KMK. The defendants' request should be denied.

      The defendants' letter makes two misrepresentations of fact to this Court. The defendants represent that their notice of deposition of Corey Marrow was served on October 11th. This is not true. It was served on October 13th, and I did not receive it until October 14th. *See Ex. A., Mailing Label.*[1] A deposition notice served on the seventh day before the deposition is to be

---

[1]     Ex. A is a true and correct copy of the mailing label of the envelope which contained the defendants' discovery request and deposition notice. The second page is an additional copy which I marked with an arrow to show where the date of mailing (October 13) is written.

held could be seen as providing just enough notice to be reasonable under Rule 30.[2] As actually served, the defendants provided five calendar days (only two of them business days) notice for this deposition. That would be absolutely unreasonable notice even if Mr. Marrow were not currently incarcerated.

The defendants represent that they did not hear from me on October 13th or 14th. This is not true. Paralegal Cheryl Puma called me at 11:53 on Friday the 14th, leaving a message on my office voice mail. I returned the call of Cheryl Puma at 1:10 PM, and left a message on her voice mail.[3]

The defendants are correct that, on October 11th, Ms. Johnson told me she would "try" to respond to the plaintiff's discovery responses by October 14th. Because of that representation, I waited until the close of business on October 14th to file my letter to this Court requesting a pre-motion conference. I expressly told Ms. Johnson that, if I did not receive discovery responses by October 14th, I would write to the Court seeking relief. I **still** have not received discovery responses from the defendants. I don't believe that there is anything improper about writing to the Court, as I said I would do, when Ms. Johnson's semi-promise to provide discovery by October 14th was not fulfilled. During the same phone conference, I also told Ms. Johnson that I would not even consider agreeing to the defendants' request for an extension of their time to do discovery until I had received the discovery owed by them.

The defendants attempt to blame the plaintiff for the defendants' failure to comply with their deposition notices. The deposition notices were sent together with the document demands and interrogatories, which the defendants admit they received on September 9th. *See* Ex. B.[4] If Ms. Johnson truly did not see the deposition notices, that failure is not something I could reasonably have anticipated. Generally, a party who has been noticed for deposition is expected to appear unless they make an objection to the appearance (which I did not receive). It would have been better, certainly, if I attempted to confirm the depositions during business hours on

---

[2] Federal Rule 30 does not provide a fixed timeframe for notice of a deposition, but the amount of notice given must be "reasonable" under the circumstances. *See Robinson v. Metro. Life Ins. Co.*, 2013 U.S. Dist. LEXIS 50373 (E.D. Cal. Apr. 4, 2013).

[3] The defendants also represent that they called me multiple times on October 13th and 14th. Other than the aforementioned message from Ms. Puma at my office, I received no messages from the defendants. My cell phone does not reflect that anyone from Mount Vernon called me on those dates. It is possible that both my cell phone and my office phone system failed to record multiple voice messages, but I doubt it.

[4] Exhibit B is a true and correct copy of the email transmitting the plaintiff's deposition notices and discovery requests. Please note that the deposition notices are the first pages of the attachment. It would be impossible to open this document without seeing them. I cannot say what order the documents were in when the paper copy was mailed. Since Ms. Johnson claims not to have received the paper copy, she must be working from this emailed copy.

Friday. However, since by October 7th I had not yet received any paper discovery from the defendants, the only possibilities for the following week's depositions would be: 1) adjourn them until after the defendants provided their paper discovery, or 2) begin each deposition as noticed, leave the deposition open, and then resume each deposition at a later date after paper discovery was received. Option two would be a clear waste of everyone's time. Accordingly, I anticipated that the depositions noticed for October 11th and 12th would have to be adjourned, but I also wanted to confirm that the defendants did not prefer, for some reason, to begin the depositions on the dates noticed and resume them later. *See* Ex. C, 10/11/16 Email from David Thompson to Tichina Johnson, p. 1.

When Ms. Johnson and I discussed the defendants depositions on October 11th, we discussed the fact that the depositions could not be completed until paper discovery had been provided.[5] Ms. Johnson also represented that she did not know when the officers would be available, and would advise me of those dates. I have no reason to believe that, if I provided particular dates to Ms. Johnson when I am available, that the defendants would be made available on those dates, or that the necessary paper discovery would be received beforehand.

Ms. Johnson's stated reason for the defendants' total failure to respond to discovery demands is that Ms. Johnson is waiting for documents from the criminal court. That is not a sufficient reason to fail to respond in writing to the interrogatories and demands. Even assuming that the defendants have not located any responsive documents except those in the criminal court, a timely written response is required. Given that the majority of relevant documents would be in police custody, however, it is frankly not credible that the defendants are unable to make any response to the plaintiff's discovery demands at the present time. The defendants have **chosen** not to respond.

For the foregoing reasons, the defendants' request for an extension of time to obtain discovery from the plaintiff should be denied.

Respectfully submitted,

David Thompson

---

[5] *See also* Ex. C, p. 1 ("If [the defendant witnesses are attending], please let me know and I will schedule the court reporter. I will have to leave the depositions open, however, since I do not yet have any paper discovery from you.").