# Corey Marrow v. City of Mount Vernon, et al. - 14-cv-5473

## David Thompson

Fri 9/9/2016 7:37 PM

To: Johnson, Tichina <tljohnson@ci.mount-vernon.ny.us>;

1 attachments (1 MB)
2016-09-09-19-32-49.pdf;


Attached please find the plaintiff's discovery requests.  Have a good weekend!

David Thompson
Stecklow & Thompson
217 Centre Street, 6th Floor
New York, N.Y. 10013
Phone:  (212) 566-8000
Fax:     (212) 202-4952

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
COREY MARROW,

                PLAINTIFF,

     v.

THE CITY OF MOUNT VERNON, *et al.*,

                DEFENDANTS.
-----------------------------------------------------------X

Index No. 7:14-cv-05473-CS

NOTICE OF DEPOSITION

     Please take notice that pursuant to Fed. R. Civ. P. 30 of the Federal Rules of Civil Procedure, plaintiff, through his counsel, will take the deposition of Defendant Michael Gregorio before a notary public or other officer authorized by law to administer oaths, at the office of Stecklow & Thompson, located at 217 Centre Street, 6th Floor, New York, NY 10013, beginning on October 11, 2016 at 2:30 PM, and continuing from day to day thereafter, or upon such adjourned date as may be agreed upon, until concluded. The deposition will be videotaped and recorded by stenographic means.

DATED:    New York, N.Y.
               September 8, 2016

                                              DAVID A. THOMPSON, Esq. [dt3991]
                                              Attorney for Plaintiff
                                              217 Centre Street, 6th Floor
                                              New York, N.Y. 10013

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COREY MARROW,

              PLAINTIFF,

    v.

THE CITY OF MOUNT VERNON, *et al.*,

              DEFENDANTS.
------------------------------------------------------------X

Index No. 7:14-cv-05473-CS

NOTICE OF DEPOSITION

      Please take notice that pursuant to Fed. R. Civ. P. 30 of the Federal Rules of Civil Procedure, plaintiff, through his counsel, will take the deposition of Defendant Kenneth Bruce before a notary public or other officer authorized by law to administer oaths, at the office of Stecklow & Thompson, located at 217 Centre Street, 6th Floor, New York, NY 10013, beginning on October 12, 2016 at 10:30 AM, and continuing from day to day thereafter, or upon such adjourned date as may be agreed upon, until concluded. The deposition will be videotaped and recorded by stenographic means.

DATED:    New York, N.Y.
                  September 8, 2016

_____
DAVID A. THOMPSON, Esq. [dt3991]
Attorney for Plaintiff
217 Centre Street, 6th Floor
New York, N.Y. 10013

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COREY MARROW,

            PLAINTIFF,

    v.

THE CITY OF MOUNT VERNON, *et al.*,

            DEFENDANTS.
------------------------------------------------------------X

Index No. 7:14-cv-05473-CS

NOTICE OF DEPOSITION

    Please take notice that pursuant to Fed. R. Civ. P. 30 of the Federal Rules of Civil Procedure, plaintiff, through his counsel, will take the deposition of Defendant Steven Sexton before a notary public or other officer authorized by law to administer oaths, at the office of Stecklow & Thompson, located at 217 Centre Street, 6th Floor, New York, NY 10013, beginning on October 12, 2016 at 2:30 PM, and continuing from day to day thereafter, or upon such adjourned date as may be agreed upon, until concluded. The deposition will be videotaped and recorded by stenographic means.

DATED:    New York, N.Y.
                September 8, 2016

DAVID A. THOMPSON, Esq. [dt3991]
Attorney for Plaintiff
217 Centre Street, 6th Floor
New York, N.Y. 10013

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
COREY MARROW,

                PLAINTIFF,

    v.

THE CITY OF MOUNT VERNON, *et al.*,

                DEFENDANTS.
----------------------------------------------------------X

Index No. 7:14-cv-05473-CS

NOTICE OF DEPOSITION

      Please take notice that pursuant to Fed. R. Civ. P. 30 of the Federal Rules of Civil Procedure, plaintiff, through his counsel, will take the deposition of Defendant Michael Gregorio before a notary public or other officer authorized by law to administer oaths, at the office of Stecklow & Thompson, located at 217 Centre Street, 6th Floor, New York, NY 10013, beginning on October 11, 2016 at 10:30 AM, and continuing from day to day thereafter, or upon such adjourned date as may be agreed upon, until concluded. The deposition will be videotaped and recorded by stenographic means.

DATED:    New York, N.Y.
                September 8, 2016

*[signature]*
DAVID A. THOMPSON, Esq. [dt3991]
Attorney for Plaintiff
217 Centre Street, 6th Floor
New York, N.Y. 10013

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COREY MARROW,

                    PLAINTIFF,

                 v.

THE CITY OF MOUNT VERNON, *et al.*,

                    DEFENDANTS.
------------------------------------------------------------X

Index No. 7:14-cv-05473-CS

PLAINTIFF'S INITIAL
INTERROGATORIES AND
DOCUMENT DEMANDS

      Please take notice that pursuant to Fed. R. Civ. P. 33 and 34 you are required to answer the following interrogatories and document demands separately, in writing, under oath within the time and in the manner prescribed by the rule.

      These interrogatories and document demands are continuing. If at any time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, defendants shall, within thirty (30) days, and in no event later than five (5) days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## I.   INSTRUCTIONS

      1.     For all information stored on a computer or on a computer disk, or on CD ROM you are to furnish counsel with a disk containing the information as well as hard copy. Information furnished on disc shall be in a standard word processing format, or if it is not word processing information in an non-proprietary format, such as an open source or ASCII format. PLEASE NOTE: If your information is stored in such a way that it may be output in more than one format, please inform the plaintiff of the available formats before producing.

      2.     All video should be produced in a non-proprietary format such as .mp4, .asf, etc. Video maintained in a Genetec security camera system shall be provided in .asf format and not in .G64 format. Genetec, ARGUS, TARU and other video shall be provided in a non-proprietary format viewable on commonly-available software. PLEASE NOTE: If your information is

stored in such a way that it may be output in more than one format, please inform the plaintiff of the available formats before producing.

3. Video should not be edited or cut.

4. For information stored on audio or video tape you are to furnish a copy of the tape.

5. All e-mail is to be furnished on disk as well as hard copy. Email is to be produced in a form that preserves meta-data associated with the email, such as the identities of the sender, "CC" recipients, "BCC" recipients, date and time sent and received, etc. PLEASE NOTE: If your information is stored in such a way that it may be output in more than one format, please inform the plaintiff of the available formats before producing.

6. Where a demand herein requests materials relating to training, the demand requires that the response provide such materials from any police unit in which such material may be found, regardless of whether the primary function of such police unit is training. Please note that upon information and belief training materials may be maintained by, among other police units, the Training Bureau (including the Police Academy, the In-Service Tactical Training Unit, the Physical Training and Tactics Department, the School Safety Training Unit); the Special Operations Division (including Disorder Control); the Patrol Bureau, and the borough Task Forces.

7. If defendant cannot produce a document or a portion thereof after exercising due diligence to secure it, so state in writing and produce whatever portion of said document possible, specifying the reason for your inability to produce the document or the remainder thereof and stating whatever information or knowledge you have concerning the document or portion thereof you are unable to produce including, but not limited to, the content of such document, or missing portion thereof which was, but is no longer in your possession, custody or control, and state what disposition was made of it and the reason for such disposition.

8. In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addressor, addressee, date, subject matter,

number of pages, attachments, exhibits or appendices, all persons to whom distributed, shown, or explained, date of destruction, manner of destruction and person who destroyed the document.

9.  If any document or information called for by demand is withheld by reason of a claim of privilege, please state the basis of the privilege in a privilege log.

10. For documents concerning which privilege is asserted, provide the following information:

   a.  the author(s);
   b.  the recipient(s) (including those copied);
   c.  which authors or recipients, if any, are attorneys, and whether such attorneys had an attorney-client relationship with each other
   d.  authors or recipients;
   e.  the date;
   f.  the subject matter of the document;
   g.  a statement of whether this information has ever previously been disclosed in another litigation or made public; and
   h.  the basis for the claim of privilege or immunity.

11. For communications concerning which privilege is asserted, provide the following information:

   a.  the parties to the communication;
   b.  the identities of any person(s) to whom the communication was divulged;
   c.  which parties to the communication, if any, are attorneys, and
   d.  whether such attorneys had an attorney-client relationship with each other party to the communication and with each other person(s) to whom the communication was divulged;
   e.  the date of the communication;
   f.  the subject matter of the communication;
   g.  a statement of whether this information has ever previously been disclosed in another litigation or made public; and
   h.  the basis for the claim of privilege or immunity.

12. Where information is redacted or withheld pursuant to N.Y. Criminal Procedure Law §§ 160.50, 160.55, or 160.58 please provide a statement made under oath by a person with the requisite personal knowledge that the documents or information withheld or redacted has been sealed under such provision and that sealing has not been waived. For instance, with respect to Section 160.50, provide a sworn statement that the documents or information withheld or redacted relate to a criminal action or proceeding against a person which terminated in favor

of such person (as the term "terminated in favor of such person" is defined CPL § 160.50(3)), and the record of such action or proceeding was sealed.

13. Where information or documents are redacted or withheld pursuant to the "deliberative process privilege," please provide a statement made under oath by a person with the requisite personal knowledge stating the particular basis for the claim of privilege or immunity and providing the following information:

   a. the author(s) of the document or information;
   b. the recipient(s) (including those copied) of the document or information;
   c. the location(s) where the document or information has been stored;
   d. the date the document or information was created or issued;
   e. the subject matter of the document or information;
   f. a statement of whether this information has ever previously been disclosed in another litigation or made public;
   g. the person, office, or entity with decision-making authority over the subject matter of the document or information;
   h. the nature of the decision or policy to which the document or information relates; and,
   i. if a decision or policy resulted from the deliberation, identify the decision or policy.

14. Where <u>factual</u> information or documents are redacted or withheld pursuant to the "deliberative process privilege," please provide a statement made under oath by a person with the requisite personal knowledge stating why the information or documents, although factual, falls within the scope of the "deliberative process privilege."

15. Where information or documents are redacted or withheld pursuant to the "law enforcement privilege," please provide a statement made under oath by a person with the requisite personal knowledge stating the particular basis for the claim of privilege or immunity and providing the following information:

   a. the author(s) of the document or information;
   b. the recipient(s) (including those copied) of the document or information;
   c. the location(s) where the document or information has been stored;
   d. the date the document or information was created or issued;
   e. the subject matter of the document or information;
   f. a statement of whether this information has ever previously been disclosed in another litigation or made public; and
   g. a statement of whether any specific, identifiable, and presently-

      h.      ongoing law enforcement investigation(s) would be interfered with by disclosure.

16. Where information or documents are redacted or withheld based upon a claim of individual privacy considerations, please provide a statement made under oath by a person with the requisite personal knowledge stating the particular basis for the claim of privilege or immunity and providing the following information:

    a.    the author(s) of the document or information;
    b.    the recipient(s) (including those copied) of the document or information;
    c.    the date the document or information was created or issued;
    d.    the nature and subject matter of the document or information;
    e.    the identity of the person whose claim of individual privacy is being asserted;
    f.    a statement of whether this information has ever previously been disclosed in another litigation or made public.

17. Each document produced shall be produced in a true, complete and accurate copy, authenticated as such under oath by the document custodian or another person with personal knowledge sufficient to provide such sworn authentication.

18. These document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, defendants shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## II. DEFINITIONS

19. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

20. The term "arresting officer" means any officer who, in relation to a person taken into police custody, either: a) took the person into physical custody, b) placed the person under arrest, or c) was designated the arresting officer in MVPD records. The term "processing officer" means any officer who participated in processing the arrest of an arrestee by, for

example, creating an arrest report, entering information in the Omniform System relating to the arrest, executing an initiating instrument, or fingerprinting the arrestee. The term "custodial officer" means any officer who had custody of a person in police custody. The term "approving officer" means any officer that approved an arrest made by another officer, or who approved any aspect of such arrest, such as the paperwork or processing of the arrest. The term "supervisory officer" means any MOS tasked with the supervision of an arresting officer, processing officer, custodial officer or approving officer. The term "involved police officer" means any arresting officer, processing officer, custodial officer, approving officer or supervisory officer.

21. "This case," "this litigation," "this action," "in suit," and "this law suit," shall mean the law suit described in the caption of this notice.

22. For the purposes of these demands only, the terms "crime" and "criminal" shall refer to violations and other non-criminal offenses, as well as misdemeanors and felonies. The terms "criminal case" and "criminal proceeding" shall include cases or proceedings adjudicating alleged crimes as the latter term has been defined herein. The term "initiating instrument" means any form of process, document or filing which initiates a criminal proceeding, including a summons, desk appearance ticket (DAT), complaint, or information. The term "arrest report" means an arrest report from the Omniform System, or any other hard copy or electronic document that performs a similar function. The term "police criminal case file" means the entire file maintained by the MVPD relating to a criminal proceeding against a particular individual. The terms "District Attorney" and "DA" refer to the District Attorney, or District Attorney's office of any borough within City of Mount Vernon. The term "DA criminal case file" means the entire file maintained by the District Attorney's Office relating to a criminal proceeding against a particular individual. The term "court criminal case file" means the entire file maintained by the criminal relating to a criminal proceeding against a particular individual.

23. "Document" refers to information that has been recorded in any medium, whether tangible or intangible, including written records, audiovisual records, and electronically stored data.

24. The term the "Incident" means:

    a.    The facts and circumstances relating to the arrest of the plaintiff;
    b.    The facts and circumstances relating to the plaintiff's time in police custody;
    c.    The facts and circumstances relating to the prosecution of the plaintiff.

25. The term "Individual Defendant" in the singular means any natural-person defendant. In plural, the term refers to all such natural-person defendants collectively.

26. "MVPD" means the City of Mount Vernon Police Department. "Member of Service" or "MOS" means any person employed by the MVPD. "Uniformed Member of Service" or "UMOS" means any MOS who is entitled to wear a uniform and/or who holds a rank defined in the MVPD Order of Rank, including Police Officers, Detectives, Sergeants, Lieutenants, Captains, Deputy Inspectors, Inspectors, Deputy Chiefs, Assistant Chiefs, Bureau Chiefs, and the Chief of Department. For the purposes of these demands, Recruiting Officers, Probationary Police Officers, Auxiliary Officers and the Chief of Police will be considered UMOS. Within these demands, unless otherwise expressly stated, the terms "Officer" and "Police Officer" will refer to any UMOS regardless of rank. The term "Executive Level Officers" means police officers of the rank of Captain and above. The term "Rank and File Officers" means police officers of the rank of Lieutenant and below.

27. The term "police unit" means any MVPD unit, command, police service area, transit district, organizational subunit, precinct, division, unit, group, squad, patrol, zone, module, or other defined organizational entity within the MVPD. The term "involved police unit" means any police unit which was involved in the Incident, or to which any MOS who participated in the Incident was assigned at the time of the Incident.

28. The term "training" refers to teaching information, methods, practices, or policies. The term "instruction" means any verbal communication, whether written or not, which directs the recipient(s) to do or not to do any thing. The terms "memo" and "memorandum" mean any document that conveys information or instructions from an author to a recipient, whether the author or recipient is an individual, an organization, a police unit, a group within an organization, an office, a file depository, etc. The terms "memo" and "memorandum" include memos "to file" and memos created primarily for record-keeping purposes. A memo or instruction is "issued" when it is made effective, or is communicated to recipients, displayed, circulated, or published,

or when it is dealt with in a manner in which a like memo or instruction is typically dealt with in the normal course of operations when such memo or instruction intended to be made effective, or is communicated to recipients, displayed, circulated.

29. Throughout these document requests, the identifying numbers of certain MVPD forms may be given, primarily for the convenience of counsel for the defendants. To the extent that defendants' counsel becomes aware that any of these form numbers have changed, are no longer in use, refer to different forms than they have heretofore, are otherwise incorrect, or otherwise fail to correspond to the document requested, defendants' counsel are requested to inform counsel for plaintiff of such change or error.

### III. INTERROGATORIES

1. Please state the name, address, job title and employer of any person providing information used to respond to these interrogatories.

2. Identify any and all MVPD officers who were present at and/or participated in the Incident or any portion of the Incident, and set forth separately their true, full and correct names, shield numbers, assignment and/or commands on the date of the incident, current assignments and/or commands, and supervisors on the date of the incident.

3. Identify all persons, including civilian witnesses and other employees of Defendant City, who witnessed the incident or any portion of the Incident, including but not limited to all persons known to be at or near the location of the Incident.

4. Identify the plaintiff's arresting officer.

5. Identify all persons with personal knowledge of any search or inspection of the vehicle being driven by the plaintiff.

6. Identify all persons with personal knowledge of any test of the plaintiff for drugs or alcohol in his system performed during the incident or within 48 hours of the incident.

7. Identify all persons who participated in, or witnessed, the field sobriety test of the

plaintiff.

8. Identify all person who provide members of the MVPD with training in the performance of field sobriety tests.

9. Identify any documents concerning, arising out of, or referring to the incident; identify the name, shield number, and present address of the person who filled out, authored, or prepared each such document; identify the custodian and location of each such document; and provide a general description of all such documents.

10. Identify any employee(s) at the District Attorney's office who spoke with and/or conducted interviews of the Individual Defendants and/or any other person regarding the incident.

11. Identify the custodian of any procedures, directives, or policies applicable to the activities of officers of the City of Mount Vernon Police Department with relation to field sobriety tests.

12. Identify all procedures, directives, or policies applicable to the activities of officers of the City of Mount Vernon Police Department with relation to field sobriety tests.

13. If any of the Individual Defendants have ever been a party to any other legal action before any federal or state court or any federal, state, or local administrative agency, please, provide the caption of the action, docket or index number and the name of the court or agency wherein the action has been brought.

14. If any of the Individual Defendants have ever been the subject of any type of legal, administrative, internal or civilian complaint, state the name and address of the complainant, the substance of the complaint, and the ultimate disposition of the complaint, including any discipline imposed on the individual, the location and custodian of the complaint.

## IV. Document Demands

1. Any and all records, notes, documents, logs, reports, officer memo books or forms relating to any aspect of the events outlined in the Complaint.

2. All documents identified in the Interrogatories.

3. Any and all materials used, referenced or consulted in responding to any aspect of the instant document requests or the contemporaneously propounded interrogatories in this matter.

4. Unretouched and unaltered photographs of each individual Defendant, clearly and accurately depicting the full face of each individual Defendant, with a notation indicating when each such photograph was taken.

### A. PRE-ARREST DOCUMENTS

15. Any command logs for the Arrest Precinct, or any other Involved Police Unit on the date of the Incident.

16. Any arrest logs or prisoner logs for the arrest precinct or any other involved police unit police unit for the date of the Incident.

17. Any *NYSPIN* (New York Statewide Police Information Network) documents relating to the Incident.

18. Any tactical plan pursuant to which the involved police officers were acting at the time of the incident.

19. Any *SPRINT* (Special Police Radio Inquiry Network) documents relating to the Incident. Information responsive to this request includes any and all corresponding audio and/or visual materials.

20. Any *Overtime Reports* for any individual defendant or Involved Member of Service for the week of the incident.

21. Any *Activity Logs* or memo books, or other similar document for any Individual Defendant or Involved Member of Service relating to this Incident.

**B.    Warrants and Related Documents**

22. Any warrant for the arrest of the plaintiff.

23. Any warrants related to the Incident.

**C.    ARREST PROCESSING DOCUMENTS**

24. All documentation relating to the plaintiff's arrest and custody.

25. Any photographs of the plaintiff at the time of his arrest, or within seventy-two hours thereafter.

26. Any arrest report or Online Booking System Arrest Worksheet(s), or similar documents, relating to the Incident.

27. Any and all evidence collected in relation to the plaintiff's stop, arrest, or prosecution, including photographs, blood test results, physical items, substances and substance test results.

28. Any property inventory or similar document.

29. Any log entries, such as command log entries.

30. Any drafts or worksheets of any of the foregoing documents.

31. All documents reflecting the time or locations in which the plaintiff was held in custody.

32. All documents relating to medical treatment of the plaintiff, including requests for medical treatment.

33. 'All documents relating to any injury allegedly suffered by any involved police

officer in relation to the Incident.

34.	Any statement by any witness to the Incident, whether recorded, written, or summarized.

35.	Any statement by the plaintiff, whether recorded, written, or summarized.

36.	Any statement by any involved police officer or Individual Defendant, whether recorded, written, or summarized.

37.	Any documents relating to the Incident found or created through any of the following:

    a. Secure Automatic Fast Tracking Network (SAFETNet) inquiry;

    b. Interstate Identification Index;

    c. Narcotics Investigative Tracking of Recidivist Offenders (NITRO);

    d. Computer Criminal History (CCH);

    e. Computer Assisted Robbery System (CARS);

    f. BETA;

    g. Automated DB2 Warrant System;

    h. Court Record Information Management System (CRIMS);

    i. Complaint Address Tracking System (CATS);

    j. Warrant Inquiry (WINQ);

    k. Narcotics and Dangerous Drug Information System (NADDIS).

38.	Any documents related to the medical treatment of the plaintiff or any involved police officers for injuries allegedly sustained during, or related to the incident.

**C.	Documents Relating to Arraignment and Prosecution**

39.	All documents relating to the arraignment and prosecution of the plaintiff.

40.	Any Court Attendance Records for any Individual Defendant or Involved Member of Service relating to the Incident.

41.  Any criminal complaint relating to the Incident.

42.  Any supporting depositions relating to the Incident.

43.  Any criminal file relating to the Incident, including the file jacket.

44.  Any certificate of disposition relating to the Incident.

45.  All documents concerning any previous criminal charges against the plaintiff.

46.  The District Attorney's file relating to the Incident, arrest and prosecution.

**D.  Individual Defendants' Disciplinary History**

47.  All documents relating to any discipline, warning, demerit of any Individual Defendant.

48.  All documents relating to any official expression that the Individual Defendant failed to perform his or her duty as a police officer in conformity with MVPD or City of Mount Vernon policies or practices, with the law.

**E.  Prior Lawsuits**

49.  All documents relating to any litigation in which any of the involved members of service has been a defendant arising out of his or her employment as a police officer.

50.  The index number and caption of any Federal lawsuit in which any of the involved members of service has been a defendant arising out of his or her employment by the MVPD, and any corresponding complaints.

51.  The index number and caption of any New York State lawsuit in which any of the involved members of service has been a defendant arising out of his or her employment by the MVPD, and any corresponding complaints.

52.  The transcript(s) from any deposition(s) of any of the involved members of service concerning his or her employment by the MVPD.

### F.  Punitive Damages

53. Any documents relating to the financial capacity of any individual defendant to pay punitive damages, including but not limited to documents relating to and describing such individual's income and assets. Failure to provide this information waives the right to argue inability to pay punitive damages.

## CERTIFICATION OF BUSINESS RECORDS

PLEASE TAKE FURTHER NOTICE, that, pursuant to CPLR § 3122-a, all business records produced must be produced accompanied by a certification, sworn in the form of an affidavit and subscribed by the custodian or other qualified witness charged with responsibility of maintaining the records in conformity with the provision of the aforementioned Rule.

### RIGHT TO AMEND AND TO SUPPLEMENT

The Plaintiff, through his counsel, reserves the right to amend and to supplement these Discovery Requests and to utilize whatever other discovery mechanisms are available to him pursuant to and under the Federal Rules of Civil Procedure.

DATED:   New York, New York
         September 9, 2016

Respectfully submitted,

\_\_--//s//--_____
Wylie M. Stecklow
STECKLOW & THOMPSON
ATTORNEYS FOR PLAINTIFF
217 Centre Street, 6th Floor
New York, New York 10013
[212] 566-8000 -- [212] 202-4952/FAX
ECF@WYLIELAW.COM

### F.    Punitive Damages

53.    Any documents relating to the financial capacity of any individual defendant to pay punitive damages, including but not limited to documents relating to and describing such individual's income and assets. Failure to provide this information waives the right to argue inability to pay punitive damages.

### CERTIFICATION OF BUSINESS RECORDS

PLEASE TAKE FURTHER NOTICE, that, pursuant to CPLR § 3122-a, all business records produced must be produced accompanied by a certification, sworn in the form of an affidavit and subscribed by the custodian or other qualified witness charged with responsibility of maintaining the records in conformity with the provision of the aforementioned Rule.

### RIGHT TO AMEND AND TO SUPPLEMENT

The Plaintiff, through his counsel, reserves the right to amend and to supplement these Discovery Requests and to utilize whatever other discovery mechanisms are available to him pursuant to and under the Federal Rules of Civil Procedure.

DATED:    New York, New York
          September 8, 2016

David Thompson, Esq. [dt3991]
STECKLOW & THOMPSON
ATTORNEYS FOR PLAINTIFF
217 Centre Street, 6th Floor
New York, New York 10013
[212] 566-8000 -- [212] 202-4952/FAX
ECF@WYLIELAW.COM