# DAVID A. THOMPSON
## STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DAVE@SCTLAW.NYC

November 2, 2016

Hon. Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re: Marrow v. The City of Mount Vernon, et al., 14-cv-5473-CS

Dear Judge Seibel:

      I write in opposition to the defendants' request for an extension, and to the defendants' proposed schedule.

      As the Court may recall, from the time that I first sought judicial intervention on October 14th, until the time of the parties' appearance before Your Honor on October 27th, the defendants seemingly viewed the period until that conference as a de-facto extension of their time to respond to discovery. Even with that additional two weeks, the defendants provided nothing.

      The defendants had no reasonable excuse for their failure to respond. During the October 27th appearance, Brian Johnson, Deputy Corporation Counsel, continued to dispute that the defendants received any demands, despite the fact that the record contained an email admission from Tichina Johnson, former attorney for Mount Vernon, acknowledging that the demands were received.[1] In other words, the City's primary argument was "The dog ate the discovery demands," and this argument depended on ignoring and/or misrepresenting the record.

      Mr. Brian Johnson also represented to the Court that the thing holding up a response to the defendants' response to the plaintiff's interrogatories and document requests was that the defendants were waiting to receive material from the criminal court. This Court instructed Mr.

---

[1]    See Docket No. 30-3, Oct. 11, 2016 Email from Tichina Johnson, "I knew you sent discovery demands, but I did not notice anything regarding an EBT."

Johnson that whether or not the City of Mount Vernon had received materials it requested from a third party had nothing to do with the City's obligation to respond to discovery in a timely fashion, with the materials in its custody and control, such as the police documents that always form the heart of discovery in a false arrest case. The City's second argument for why its failure to respond was justified was, in other words, simply non-responsive. Furthermore, since Mr. Johnson represented to the Court that the criminal court materials showed that Mr. Marrow had been convicted of a crime, which Mr. Johnson argued would result in the dismissal of my client's claims, it appears that at the time of the last conference the City had overcome this supposed obstacle to providing a response.

There was no third argument justifying the failure to respond. Thus, the City had no valid reason, even on October 27th, why absolutely nothing had been done.

This Court generously provided the City seven additional days to respond. Now, at the 11th hour before the Court's generous further extension of the defendants' deadline to Nov. 3, 2016, the defendants represent that they need a **further 30 days** to respond to discovery. The defendants are treating this like a college term paper, not federal discovery.

It is worth remembering that what is owed is not a complex motion for summary judgment, it is a simple response to document demands and interrogatories in a very simple false arrest case. It's also worth remembering that the City of Mount Vernon Law Department is directly across the street from the City of Mount Vernon Police Department. There is no reason why the defendants could not have, sometime in the three weeks since this discovery dispute was first presented to the Court for resolution, complied with their simple and unquestionable obligation to respond to discovery.

In seeking this new 30-day extension, the defendants have not put forward any reason at all why the response has not yet been provided. Rather, the City is essentially asking to start over again from the beginning because they have hired outside counsel. The fact that, on the next-to-last day of the extension, the defendants have now engaged outside counsel is no reason why this simple and long-overdue obligation should not be fulfilled within the time the Court already allowed.

After the last appearance, Mr. Johnson informed me proudly that the City of Mount Vernon never settles cases – it takes each and every one to trial. A take-no-prisoners litigation strategy is fine, but it implies a duty to approach litigation professionally, and not to maintain the never-settle policy at the cost of unnecessary burdens on the Court and on counterparties. Here, we have the City wanting to do exactly that: impose burdens on others in order to enable an aggressive litigation strategy. The plaintiff opposes this request for further time.

The defendants' proposed schedule is also unreasonable. It provides that I will receive their discovery on 12/2, and I will have to complete four depositions within the next five business days, by 12/9. (Presumably, this short timeframe has been suggested so that the proposed schedule will appear to avoid pushing depositions into January, which will, however, inevitably result if this extension is granted). The schedule provides the defendants the same 30 days to respond to discovery that they would have had if the demands had been served on them today, instead of in the beginning of September. Such an extension would reward the City's unquestionably bad behavior thus far.

For the foregoing reasons, the defendants' request should be denied in its entirety.

Respectfully submitted,

David Thompson